UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Braun<br><br>                Plaintiff,<br><br>   -against-<br><br>Equifax Information Services LLC;<br>Experian Information Solutions, Inc.;<br>Trans Union LLC; and<br>Dovenmuehle Mortgage, Inc.;<br><br>                Defendant(s). | Case No.: 7:21-cv-5702<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff David Braun, by and through his attorneys, and as for his Complaint against Defendants Equifax Information Services LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Trans Union LLC ("TransUnion") (Equifax, Experian, and TransUnion each a "Bureau" and collectively "Bureaus"); and Dovenmuehle Mortgage, Inc. ("DMM"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action against the Bureaus for damages arising from their violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

2. Plaintiff brings this action against DMM for damages arising from its violations of 15 U.S.C. § 1692 *et seq.*, also known as the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, 15 U.S.C. § 1681p et seq., and 15 U.S.C. § 1692 et seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here and the Defendants transact business here.

**PARTIES**

5. Plaintiff is a resident of the State of New York, County of Rockland.

6. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

7. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

8. Equifax is a Georgia corporation registered to do business in this State and may be served with process upon its registered agent c/o Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent c/o C T Corporation System, 28 Liberty St., New York, New York, 10005.

13. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Trans Union LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16. Defendant TransUnion is a Delaware corporation registered to do business in this State, and may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207-2543.

17. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

18. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

19. Defendant DMM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

20. DMM has an address for service at C T Corporation System, 28 Liberty St., New York, NY, 10005

21. Upon information and belief, DMM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

22. Plaintiff incorporates the above allegations as if set forth here.

23. Sometime in 2005, Plaintiff allegedly took out a home equity line of credit subject to a mortgage.

24. Plaintiff allegedly defaulted on this loan (the "Account") in 2010 and has not made any payments since.

25. The last payment Plaintiff made on the Account was in 2010.

26. Sometime in late 2010 or early 2011, foreclosure proceedings were commenced by the creditor.

27. Prior to commencing the foreclosure proceeding, the creditor accelerated the loan balance.

28. More than seven years later, in 2017, Plaintiff disputed the Account tradeline which was thereafter deleted by the Bureaus.

29. However, in July 2020, Plaintiff was attempting to secure credit to obtain a car.

30. Unbeknownst to Plaintiff, the Account tradeline was improperly placed back on his credit report by the Bureaus.

31. This re-insertion of the tradeline seemingly happened at some point in the first half of 2020.

32. Because of the adverse Account tradeline on his credit report, Plaintiff was charged a higher rate of interest for his car.

33. Plaintiff only became aware that the Account was reinserted on his credit report after he was charged the higher interest rate.

34. The Bureaus never notified Plaintiff that the previously deleted Account was reinserted in his credit file and credit report.

35. Around the same time Plaintiff was also attempting to purchase a home.

36. However, he was denied a mortgage because of the negative information on his credit report pertaining to the Account.

37. As a result, Plaintiff was unable to purchase the home.

38. The Account was improperly placed on Plaintiff's credit report by the Bureaus as it was more than seven years old.

39. The Bureaus did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

40. On information and belief, on a date better known to each Bureau, they prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

41. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's Account information.

42. Each Bureau violated 15 U.S.C. § 1681c which prohibits reporting of accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

43. The Bureaus reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

44. Had the Bureaus followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report it would have been revealed that this account had been delinquent, charged-off, or placed for collection, more than seven years prior.

45. Bureaus violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

46. The Bureaus knew that the Account information was more than seven years old because they had previously removed the Account information in 2017 pursuant to Plaintiff's dispute.

47. Plaintiff's credit reports were also showing a last date paid for the Account in May 2019.

48. However, Plaintiff last paid the Account in April 2010.

49. Had the Bureaus enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative Account information would not have appeared on Plaintiff's credit report.

50. In addition, after being removed in 2017, the Bureaus improperly reinserted it on Plaintiff's credit report.

51. Before reinserting the deleted Account, the Bureaus were required to provide Plaintiff with written notification within five days of the reinsertion.

52. The Bureaus violated 15 U.S.C. § 1681i (a)(5)(B)(ii) by failing to provide the required notice that the previously deleted Account was reinserted.

53. The Bureaus further violated 15 U.S.C. § 1681i (a)(5)(B)(iii) by failing to provide the information required to be provide to Plaintiff.

54. The Bureaus further violated 15 U.S.C. § 1681i (a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

55. On a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

56. Despite knowing of its age and payment history, the information published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's Account information.

57. The Account was more than seven years old.

58. The Account should not have appeared on Plaintiff's credit report at all.

59. The last payment Plaintiff made on the Account was in 2010 yet the Bureaus listed the last payment in 2019.

60. The tradeline is inaccurate and misleading as makes it look like it was delinquent in 2019, when in fact this is a very old account.

61. Each Bureau reported this improper and inaccurate information through the issuance of improper and inaccurate credit information and consumer reports that it disseminated to various persons and credit grantors, both known and unknown.

62. The Account obligation also arose out of transactions incurred primarily for personal, family, or household purposes, specifically a home loan.

63. The alleged Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

64. The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

65. Defendant DMM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

66. DMM's reporting of the Account to the Bureaus was improper.

67. DMM knew or should have known its reporting was of the Account was false, inaccurate, or misleading.

68. The Account was more than seven years old.

69. The Account should not have been reported on Plaintiff's credit report at all.

70. The last payment Plaintiff made on the Account was in 2010.

71. Yet DMM reported it as if the last payment was in 2019.

Damages

72. As a result of the Defendants' failure to comply with the FCRA or FDCPA, respectively, Plaintiff has been damaged.

73. As described above, Plaintiff suffered damage by loss of time and money, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

74. Plaintiff was also charged a higher interest rate due to the Defendants' improper actions.

75. Plaintiff was also denied a home mortgage and was unable to purchase his home due to the Defendants' improper actions.

76. These denials and higher interest rates caused Plaintiff to suffer tangible and intangible losses of lack of available credit or increased credit cost for a car and a home mortgage.

**FIRSTCAUSE OF ACTION**
**(Willful Violation of the FCRA as to the Bureaus)**

77. Plaintiff incorporates the allegations contained in paragraphs numbered 1-76 above as if set forth here.

78. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

79. The Bureaus violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

80. The Bureaus violated 15 U.S.C. § 1681i (a)(5)(B)(ii) by failing to provide the required reinsertion notice to Plaintiff.

81. The Bureaus further violated 15 U.S.C. § 1681i (a)(5)(B)(iii) by failing to provide the information required to be provided to Plaintiff upon reinsertion.

82. The Bureaus violated 15 U.S.C. § 1681i (a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

83. The Bureaus have willfully and recklessly failed to comply with the Act.

84. The failure of the Bureaus to comply with the Act include but are not necessarily limited to:

    a. the failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. failing to provide the required notice;

    c. failing to provide the information required to be provided to Plaintiff; and

    d. failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

85. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, harm to his reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

86. Plaintiff was also charged a higher interest due to the Bureaus' improper actions.

87. Plaintiff was also denied a home mortgage and was unable to purchase his home due to the Bureaus' improper actions.

88. These denials and higher interest rates caused Plaintiff to suffer tangible and intangible losses of lack of available or increased credit cost for a car and a home mortgage.

89. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, David Braun, an individual, demands judgment in his favor against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

91. Plaintiff incorporates the allegations contained in paragraphs numbered 1-76 above as if set forth here.

92. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

93. The Bureaus violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

94. The Bureaus violated 15 U.S.C. § 1681i (a)(5)(B)(ii) by failing to provide the required reinsertion notice to Plaintiff.

95. The Bureaus further violated 15 U.S.C. § 1681i (a)(5)(B)(iii) by failing to provide the information required to be provided to Plaintiff upon reinsertion.

96. The Bureaus violated 15 U.S.C. § 1681i (a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

97. The Bureaus have negligently failed to comply with the Act.

98. The failure of the Bureaus to comply with the Act include but are not necessarily limited to:

   a. the failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. failing to provide the required notice;

   c. failing to provide the information required to be provided to Plaintiff; and

   d. failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's file and consumer reports, of information that was previously deleted.

99. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, harm to his reputation, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

100. Plaintiff was also charged a higher interest due to the Bureaus' improper actions.

101. Plaintiff was also denied a home mortgage and was unable to purchase his home due to the Bureaus' improper actions.

102. These denials and higher interest rates caused Plaintiff to suffer tangible and intangible losses of lack of available or increased credit cost for a car and a home mortgage.

103. The conduct, action and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

104. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, David Braun, an individual, demands judgment in his favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(DMM's Violation of the FDCPA)**

105. Plaintiff incorporates the allegations contained in paragraphs numbered 1-76 above as if set forth here.

106. DMM's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

107. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

108. DMM violated said section, as described above, by making false, deceptive, and or misleading representations, in violation of §§ 1692e, 1692e (2), 1692e (8), and 1692e (10).

109. Alternatively, DMM's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

110. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

111. DMM violated this section by unfairly reporting the Account as described above.

112. By reason thereof, defendant is liable to Plaintiff for judgment that DMM's conduct violated Sections 1692e and/or 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

113. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment,

- From each Bureau as follows:

    a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

    b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

    c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

    d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

    e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

    f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

- from DMM as follows:

    a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)    For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

- from all Defendants:

    a)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  July 1, 2021

Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*